State v. Blackwelder

STATE OF NORTH CAROLINA v. WILLIAM KENT BLACKWELDER

No. 7418SC423

(Filed 5 June 1974)

**Criminal Law § 86— past violations of narcotics laws — cross-examination of defendant proper**

In a prosecution for possession and distribution of marijuana the trial court did not err in allowing the solicitor to cross-examine defendant thoroughly with respect to his involvement in violating the narcotic laws where the defendant admitted possession and distribution of marijuana on the occasion charged but contended that his actions resulted from the continued insistence of an undercover agent who proved to be a public officer.

APPEAL by defendant from *Lupton, Judge,* 22 October 1973 Criminal Session of Superior Court held in GUILFORD County, High Point Division.

Defendant was charged in separate bills of indictment with the felonious possession of marijuana with the intent to distribute, and the felonious distribution of marijuana, in violation of G.S. 90-95(a)(1). He entered pleas of not guilty to both charges, the jury returned verdicts of guilty as charged in both bills, and the court entered judgment imposing two one-year sentences in the custody of the Commissioner of Correction as a committed youthful offender, to run concurrently. Defendant appealed.

*Attorney General Robert Morgan, by Assistant Attorney General William F. O'Connell, for the State.*

*Clarence C. Boyan for defendant.*

BRITT, Judge.

Defendant's sole assignment of error is based upon his exception to the court's allowance of certain questions propounded to defendant on cross-examination. Defendant does not argue that a defendant in a criminal case who testifies in his own behalf may not be subjected to impeachment by questions related to specific acts of criminal, degrading or disparaging conduct; however, he argues that the questions in this case did not deal with *specific* acts. That portion of the cross-examination to which defendant excepted proceeded as follows:

"Q. How many times have you smoked marijuana? OBJECTION. SUSTAINED as to the form of the question.

Q. How many times have you possessed marijuana before April 4, 1973, and one year prior to that time? OBJECTION. OVERRULED.

DEFENDANT'S EXCEPTION NO. 9.

A. One year prior to that time?

Q. Other than what is marked State's Exhibit 1, had you ever before April 4, 1973, possessed marijuana? OBJECTION. OVERRULED.

DEFENDANT'S EXCEPTION NO. 10.

A. Yes, sir.

Q. On how many occasions? OBJECTION. OVERRULED.

DEFENDANT'S EXCEPTION NO. 11.

A. Are you talking about one year before?

The solicitor answered I am talking about any time. All my life? The solicitor answered, "Anywhere." I'd say at least on seventy-five occasions up till the summer of 1972.

Q. Had you ever smoked marijuana—before April 4, 1973? OBJECTION. OVERRULED.

DEFENDANT'S EXCEPTION NO. 12.

A. Yes, sir.

Q. How many times? OBJECTION. OVERRULED.

DEFENDANT'S EXCEPTION NO. 13.

State v. Blackwelder

A. Fifty times up until the summer of 1972.

Q. Over what period of time would you smoke these marijuana cigarettes? OBJECTION. OVERRULED.

DEFENDANT'S EXCEPTION NO. 14.

A. I'd say over a period of two years.

Q. Have you ever possessed any other controlled substances other than marijuana prior to April 4, 1973? OBJECTION. OVERRULED.

DEFENDANT'S EXCEPTION NO. 15.

A. Yes, sir.

Q. What types were they? OBJECTION. OVERRULED.

DEFENDANT'S EXCEPTION NO. 16.

The witness asked, "This is in my whole life?"

Q. Anywhere in the world.

A. Speed. Amphetamines.

Q. What else? OBJECTION. OVERRULED.

DEFENDANT'S EXCEPTION NO. 17.

A. LSD.

Q. What else?

The witness asked: "Do you want to know how many times?"

Q. LSD, that is Lysergic Acid Diethylamide, isn't it? OBJECTION. OVERRULED.

DEFENDANT'S EXCEPTION NO. 18.

Q. What else?

A. Barbiturates. OBJECTION AND MOVE TO STRIKE. DEFENDANT MOVES FOR A MISTRIAL. OVERRULED AND MOTION DENIED.

DEFENDANT'S EXCEPTION NO. 19.

Q. The barbiturates weren't prescribed by a doctor, were they? OBJECTION. OVERRULED.

DEFENDANT'S EXCEPTION NO. 20.

A. I don't know if they were or not.

Q. They weren't prescribed for you, were they?

A. No. OBJECTION. OVERRULED.

DEFENDANT'S EXCEPTION NO. 21.

Q. What else? OBJECTION. OVERRULED.
DEFENDANT'S EXCEPTION NO. 22.

Q. Have you consumed any amphetamines? OBJECTION.
OBJECTION SUSTAINED.

Q. Have you possessed heroin? OBJECTION. OBJECTION
SUSTAINED."

Chief Justice Bobbitt addressed himself to the problem of
the scope of cross-examination of a defendant in a criminal trial
in *State v. Williams,* 279 N.C. 663, 675, 185 S.E. 2d 174, 181
(1971), where he said:

> "It is permissible, for purposes of impeachment, to
> cross-examine a witness, including the defendant in a crimi-
> nal case, by asking disparaging questions concerning col-
> lateral matters relating to his criminal and degrading
> conduct. *State v. Patterson,* 24 N.C. 346 (1842); *State v.
> Davidson,* 67 N.C. 119 (1872); *State v. Ross,* 275 N.C. 550,
> 553, 169 S.E. 2d 875, 878 (1969). Such questions relate
> to matters *within the knowledge of the witness,* not to ac-
> cusations of any kind made by others. We do not undertake
> here to mark the limits of such cross-examination except
> to say generally (1) the scope thereof is subject to the
> discretion of the trial judge, and (2) the questions must be
> asked in good faith."

See also *State v. Black,* 283 N.C. 344, 196 S.E. 2d 225 (1973),
and *State v. Mack,* 282 N.C. 334, 193 S.E. 2d 71 (1972).

In the case at bar, defendant, who was shown to be an out-
standing high school senior, admitted possession and distribu-
tion of the marijuana; he contended, however, that his actions
resulted from the continued insistence of an undercover agent
who proved to be a High Point police officer. Defendant testi-
fied that eventually he was persuaded to buy the marijuana
from a third party and to resell it to the officer, merely as a
favor to the officer. In view of those contentions, we think the
trial court clearly was justified in permitting the district attor-
ney to "sift the witness" in order to show the defendant's in-
volvement in violating the narcotic laws. The questions asked
defendant related to matters within his knowledge; and there
is nothing to indicate that the questions were not asked in good
faith. We hold that the trial court did not abuse its discretion.

For the reasons stated, we find

No error.

Judges HEDRICK and CARSON concur.